UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Cynthia Mayes,                                                        Case No. 3:14-cv-01556

        Plaintiff

v.                                                                                MEMORANDUM OPINION
                                                                                                                                                    AND ORDER

University of Toledo,

        Defendant


## I.    INTRODUCTION

Plaintiff Cynthia Mayes alleges Defendant the University of Toledo, her former employer, terminated her employment in retaliation for filing discrimination charges with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC"). Defendant has moved to dismiss Mayes's complaint pursuant to Rule 12(b)(6), asserting in part that Mayes filed her complaint outside of the statutorily-mandated time period. (Doc. No. 3). Mayes opposes, arguing the limitations period should be equitably tolled because the EEOC sent her right-to-sue letter to the wrong address. (Doc. No. 4). Defendant has filed a reply, (Doc. No. 7), and Mayes filed a sur-reply. (Doc. No. 10). Mayes also has filed a motion to convert Defendant's motion to dismiss into a motion for summary judgment pursuant to Rule 12(d), and for leave to conduct limited discovery pursuant to Rule 56(d)(2). (Doc. No. 11). Defendant opposes Mayes's motion, (Doc. No. 12), and Mayes has filed a reply. (Doc. No. 14). For the reasons stated below, Mayes's motion is denied and Defendant's motion to dismiss is granted.

## II. STANDARD

### A. RULE 12(B)(6)

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B. RULE 12(D)

In analyzing a Rule 12(b)(6) motion, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case[,] and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Additionally, a court also may consider "matters of which a court may take judicial notice, and letter decisions of governmental agencies." *J.P. Silverton Indus. L.P. v. Sohm*, 243 F. App'x 82, 87 (6th Cir. 2007) (quoting *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)).

## III. BACKGROUND

Mayes was employed by the University of Toledo as a clerical specialist and worked in one of the University's residence halls. She alleges she witnessed threats of violence and drug dealing in her assigned residence hall, and reported this to the University. She also alleges Defendant failed to assist her following her report, though she does not allege she requested any particular type of

assistance. Mayes filed charges with the OCRC and the EEOC in February 2012, alleging Defendant discriminated against her on the basis of her race and age. Following disciplinary proceedings, Mayes was terminated on August 17, 2012. She alleges her termination occurred in retaliation for the complaints she filed with the OCRC and the EEOC.

On August 22, 2012, following her termination, Mayes filed an additional charge with the OCRC alleging her termination was retaliatory. On May 9, 2013, Mayes withdrew the charges she filed with the OCRC and EEOC so she could request a right-to-sue letter from the EEOC. (Doc. No. 1-2). Mayes filed suit on July 15, 2014.

### IV. ANALYSIS

The University of Toledo asserts I should dismiss Mayes's complaint because she failed to attach an EEOC right-to-sue letter and her complaint was untimely. (Doc. No. 3).

A right-to-sue letter is a condition precedent to filing suit in federal court, and not a jurisdictional requirement. *See, e.g., Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998). Thus, the letter requirement is subject to waiver, and a plaintiff's failure to comply with this requirement is curable. *Id.* at 1031-32 (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) and *Jones v. Am. State Bank*, 857 F.2d 494, 499 (8th Cir. 1988)). While Mayes did not attach a right-to-sue letter to her complaint, Defendant cured that defect in the record by attaching the letter to its motion. Therefore, Defendant is not entitled to dismissal on this ground.

If the EEOC has not issued a right-to-sue letter regarding a charge of discrimination within 180 days of the filing of that charge, the individual who has filed the charge may request permission to withdraw the charge and request that the EEOC issue a right-to-sue letter. *Dickerson v. Assoc. Home Equity*, 13 F. App'x 323, 324 (6th Cir. 2001); *E.E.O.C. v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999); 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.10. Mayes did so, and the EEOC issued a right-to-sue letter on October 31, 2013. (Doc. No. 3-1).

Mayes argues I should apply the doctrine of equitable tolling to deny Defendant's motion and permit her to proceed with her claim, or convert Defendant's motion into a motion for summary judgment and permit her to engage in limited discovery in formulating a response to this motion. I will address her latter contention first.

### A. Rule 12(d) Motion

Mayes asserts Defendant's motion must be converted to a motion for summary judgment because Defendant attached to its motion a matter outside of the pleadings – Mayes's right-to-sue letter from the EEOC. (Doc. No. 11 at 1). She also argues there is a conflict between this letter and Exhibit 2 to her complaint, in which Mayes, seeking to withdraw the charge she filed with the OCRC, states "I have been advised of my right to file suit in federal district court no earlier than sixty . . . days after the charge has been, and no later than two . . . years after the alleged act of discrimination." (Doc. No. 1-2). She asserts she should be permitted to take the deposition of the OCRC investigator who handled her claim, or a supervisor, "to identify the intent of [Exhibit] 2 . . . ." (Doc. No. 11 at 2).

Mayes's contention that Rule 12(d) requires me to convert Defendant's motion to dismiss into a motion for summary judgment is incorrect. The Sixth Circuit has plainly held a court may consider public records and letter decisions of governmental agencies without converting a motion to dismiss into one for summary judgment. *Jackson*, 194 F.3d at 745 (abrogated on other grounds by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). The right-to-sue letter from the EEOC falls squarely within these categories. *See, e.g., Rhea v. Dollar Tree Stores, Inc.*, 395 F. Supp. 2d 696, 703 (W.D. Tenn. 2005); *Williams v. Steak 'N Shake*, No. 5:11-cv-833, 2011 WL 3627165, at *3 (N.D. Ohio, Aug. 17, 2011).

I conclude Mayes's affidavits are matters outside of the pleadings and exclude them pursuant to Rule 12(d). *Ennis v. Wells Fargo Bank, N.A.*, No. 1:10-cv-751, 2011 WL 1118669, at *2 (W.D. Mich. March 25, 2011) ("A district court is free to refuse to accept materials outside the pleadings in

4

order to keep the motion under Rule 12." (citing *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 503 (6th Cir. 2006))). The out-of-circuit cases Mayes cites are easily distinguishable, (Doc. No. 14 at 2), as the courts in those cases did not explicitly exclude the materials offered by the parties. Therefore, Mayes's motion is denied.

### B. EQUITABLE TOLLING

An individual must file a civil action within 90 days after the EEOC has given notice of the individual's right to sue. 42 U.S.C. § 2000e-5(f)(1). The 90 day period begins 5 days after the EEOC mails the right-to-sue letter. *See, e.g., Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988). Thus, the 90 day time limit for Mayes to file suit began running on November 5, 2013, and expired on February 3, 2014. Mayes did not file suit until July 15, 2014.

The limitations period is subject to equitable tolling, as timely filing is a prerequisite to maintaining a lawsuit and not a jurisdictional requirement. *Dixon v. Gonzales*, 481 F.3d 324, 330 (6th Cir. 2007) (citing *Mitchell v. Chapman*, 343 F.3d 811, 820 (6th Cir. 2003)). Equitable tolling is to be applied "only sparingly." *Dixon*, 481 F.3d at 331 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Tolling decisions are made on a case-by-case basis, and a court may assess the appropriateness of tolling by analyzing the following relevant factors:

> (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 469 (6th Cir. 2003).

*Dixon*, 481 F.3d at 331.

Mayes argues she is entitled to equitable tolling of the limitations period because she did not receive notice of her right-to-sue after it was sent to the wrong address and thought she had two years in which to file her lawsuit after the alleged discriminatory act. (Doc. No. 10 at 2; *see* Doc. No. 1-2). Mayes's argument is not persuasive.

5

Though Mayes may be correct that a plaintiff may be entitled to equitable tolling if the right-to-sue letter was sent to the wrong address "through no fault of her own," (Doc. No. 4 at 2), that is not the case here. Mayes asserts she informed the OCRC of her new address in November 2012 but impliedly concedes she never informed the EEOC of this fact, despite having filed charges of discrimination with both agencies. (Doc. No. 4 at 3). An individual who files a charge with the EEOC assumes "the responsibility to provide the Commission with notice of any change in address . . . ." 29 C.F.R. § 1601.7(b). This duty is "minimal and reasonable." *Banks*, 855 F.2d at 327. Further, providing notice of a change in address to the OCRC does not constitute notice to the EEOC. *Ball v. Abbott Adver., Inc.*, 864 F.2d 419, 421 (6th Cir. 1988). Finally, a plaintiff who fails to "notify the EEOC of [her] change of address as required by the regulations" violates the "cardinal maxim of equity jurisprudence . . . that [she] who comes into equity must come with clean hands." *Banks*, 855 F.2d at 327; *see also Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir. 2004) (declining to excuse, through application of equitable tolling, plaintiff's neglect and lack of diligence in failing to provide notice of change of address to the EEOC).

Mayes failed to comply with this basic requirement. Nor did Mayes otherwise act with diligence in pursuing vindication of her rights, as it appears she did not attempt to learn any information about the status of her request for a right-to-sue letter from the EEOC in the approximately 11 months between her request to the EEOC and the filing of her complaint.

Additionally, Mayes was represented by counsel when she withdrew her charges of discrimination. (Doc. No. 10-1 at 1); *see, e.g., Kovac v. Superior Dairy, Inc.*, 930 F. Supp. 2d 857, 863 (N.D. Ohio 2013) ("OCRC records are . . . public records that may be judicially noticed.") (citing *Bass v. Wendy's of Downtown, Inc.*, No. 11-cv-940, 2012 WL 1552264, at *2 n.1 (N.D. Ohio May 1, 2012) and *Felix v. Dow Chem. Co.*, No. 2:07-cv-971, 2008 WL 207857, at *2 (S.D. Ohio Jan. 23, 2008)). As a result, she may be charged with constructive knowledge of the actual filing deadline. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 579 (6th Cir. 1992) ("Constructive knowledge . . . is

6

'attributed' to an employee in situations where [she] has retained an attorney . . . .") (quoting *Kale v. Combined Ins. Co. of Am.*, 861 F.2d 746, 753 (1st Cir. 1988)); *Fort v. State of Ohio Dep't of Rehab. and Corr.*, 22 F. App'x 494, 496 (6th Cir. 2001).

Finally, while Defendant has not identified any prejudice it would suffer if the doctrine of equitable tolling were applied, this "is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). I conclude Mayes fails to show she is entitled to application of the doctrine of equitable tolling.

## V.  CONCLUSION

For the reasons stated above, Mayes's motion to convert Defendant's motion to dismiss into a motion for summary judgment, (Doc. No. 11), is denied, and Defendant's motion to dismiss Mayes's complaint as untimely, (Doc. No. 3), is granted.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge